## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

NORTON D. ROUSSEL, JR.                          CIVIL ACTION

VERSUS                                          NO:  06-4727

TRAVELERS INSURANCE                             SECTION: "S" (1)
COMPANY ET AL.

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's state-law claims are dismissed without prejudice because this Court declines to exercise its supplemental jurisdiction over the state-law claims.

**IT IS FURTHER ORDERED** that Alliance Insurance Agency Services, Inc.'s motion to dismiss for lack of subject matter jurisdiction is **DENIED AS MOOT**. (Rec. Doc. 6).

**IT IS FURTHER ORDERED** that Alliance's motions to dismiss (Rec. Docs. 15 & 16) and its motion for summary judgment (Rec. Doc. 19) are **DENIED AS MOOT**.

### BACKGROUND

This case stems from an insurance dispute arising out of Hurricane Katrina. Plaintiff, Norton D. Roussel, Jr., alleges that his home was damaged as a result of Hurricane Katrina and flooding resulting therefrom. Plaintiff seeks additional flood insurance coverage under a Standard Flood

Insurance Policy issued by The Standard Fire Insurance Company, which is a Write Your Own company participating in the National Flood Insurance Program. The complaint further asserts claims against Vincent Roberts, the adjuster who evaluated plaintiff's flood claim, and against plaintiff's insurance agent, a Louisiana citizen, Alliance Agency Services, Inc. ("Alliance"). Plaintiff's claim against Alliance alleges that it breached its fiduciary duty, misrepresented facts to the plaintiff, failed to inform the plaintiff regarding flood insurance, promised to make payments that were never made, and acted in such a manner as to find ways to deny coverage instead of protecting the plaintiff. The claims against Standard Fire under the NFIP have been dismissed.

Alliance seeks dismissal of plaintiff's claims against it under Fed. R. Civ. Pro. 12(c) for lack of federal subject matter jurisdiction because Alliance and plaintiff are not diverse, and the claims under the NFIP have been dismissed. Roussel has opposed Alliance's motion to dismiss, arguing that this Court has supplemental jurisdiction over the state-law claims against Roussel.

## DISCUSSION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must dismiss an action if appears that the court does not have subject matter jurisdiction over the plaintiff's claims. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may base its decision on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

2

The National Flood Insurance Act ("NFIA") grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP").  *Combs v. Harry Kelleher and Co.*, Inc., No. 06-10905, 2007 WL 902276, at *1 (E.D. La. Mar. 21, 2007) (citing 42 U.S.C. § 4072). The Fifth Circuit has held that Section 4072 applies to lawsuits against private insurers who issue SFIPs under the Write Your Own ("WYO") program.  *Id.* (citing *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005)).

Section 4072 provided this Court with original jurisdiction over this case because Roussel asserted a flood insurance claim against his insurer, Standard Fire.[1]  However, all claims against Standard Fire were dismissed on January 24, 2007. (Rec. Doc. 18).  Because the federal claims against Standard Fire were dismissed, the only remaining claims before this Court are state-law claims of negligence against Alliance and Roberts.

"While under §1367(a) a district court properly exercises supplemental jurisdiction over state law claims that are part of the same case or controversy over which the district court has original jurisdiction, §1367(c)(3) provides that a district court 'may decline to exercise supplemental

---

[1]Section 4072 states: In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and *original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.* (emphasis added).

jurisdiction over a claim under subsection (a) if ... the district court had dismissed all claims over which it has original jurisdiction.'" *Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993).  Because the federal claims against Standard Fire have been dismissed, this Court has wide discretion in determining whether to retain supplemental jurisdiction over the remaining state claims.  *Id*. Generally, a district court should decline jurisdiction over state law claims when all federal claims are dismissed.  *Certain Underwriters at Lloyd's, London v. Warrantech Corp*, 461 F. 3d 568, 578 (5th Cir. 2006)(citing *Parker &Parsley Petroleum Co., v. Dresser Industries*, 972 F. 2d 580, 585 (5th Cir. 1992)).  "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *Id*. (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

In this case, the Court has dismissed the plaintiff's federal claims very early in the case, and has made no decision regarding the merits of plaintiff's state-law claims.  This case is in such an early stage that a trial date has not yet been scheduled.  Based on the early posture of the case and following the general rule espoused in *Warrantech*, this Court declines to exercise supplemental jurisdiction in this case.

## CONCLUSION

For the above-stated reasons, Roussel's remaining state-law claims are dismissed without prejudice.

New Orleans, Louisiana, this __26th__ day of April, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**